APPEAL OF MARIA E. LEIBERT ET AL.

[See succeeding case.]

APPEAL FROM DECREE OF THE COURT OF COMMON PLEAS
OF NORTHAMPTON COUNTY.

Argued March 6, 1888—Decided April 9, 1888.

1. The lien of a recognizance in partition proceedings in the Orphans' Court is a continuing lien, protective as a unit of the interests of all the heirs, requiring no revival and of indefinite duration, though subject to the rebuttable presumption of payment after twenty years.
2. Therefore, when an acceptor of real estate entered into recognizance and gave bonds to the other heirs for the amounts of their several shares, and a judgment was afterward obtained upon one of the bonds, the judgment being a security lower in grade than the recognizance, the lien of the latter was not merged in the former so as to postpone the heir to a prior incumbrance against the acceptor: Hillbish's App., 89 Pa. 494, distinguished.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 176 July Term 1887, Sup. Ct.; court below, Lev. Fa. No. 10 April Term 1886, C. P.

On April 9, 1886, real estate in Bethlehem was sold at sheriff's sale as the property of Maria E. Leibert, wife of R. W. Leibert, for $7,500. The sheriff paid out of the proceeds upon Levari Facias No. 10 April Term, 1886, the debt in full thereon, to wit: $2,650, and upon Fieri Facias No. 33 February Term 1886, sur judgment of Abiel Heilman, guardian of Matilda M. Knauss for $4,681.63, the sum of $2,500 on account thereof, leaving in his hands, after payment of costs, $2,060, for distribution to contesting claimants.

On December 20, 1886, *Mr. P. C. Evans* was appointed commissioner to distribute the balance referred to. On January 3, 1887, Mrs. Leibert, the defendant in said judgments, presented her petition to the Orphans' Court setting out certain facts and praying, (1) that certain partition proceedings in the Orphans' Court by which the real estate sold by the sheriff

had been adjudged to her be declared void and of no effect; (2) that the sheriff be ordered to pay the said balance in his hands into the Court of Common Pleas to be transferred into the Orphans' Court for distribution, and (3) that the sheriff be enjoined from paying out said balance to any person without the further order of the court. The petition was filed, service of rule accepted and same day the petition was referred to *Mr. Evans* (the commissioner appointed in the Court of Common Pleas), to report a decree to the Orphans' Court. See the succeeding case.

The facts as developed before the commissioner in both these proceedings were as follows:

Charles L. Knauss owning a house and lot in Bethlehem, on April 25, 1853, executed a mortgage upon it for $2,500 to Philip A. Goepp, trustee, etc., for the Board of Elders of the Church of United Brethren. This mortgage was duly recorded and on December 13, 1856, was assigned by the mortgagee to "The Board of Elders of the Church of the United Brethren," then a body corporate, of which board Sylvester Wolle was a leading member. It was the only lien upon the property when Charles L. Knauss died, intestate, on August 13, 1859, leaving to survive him a widow and three children, Cornelius M., Charles Henry and Maria E., the wife of Richard W. Leibert.

Soon after the death of Charles L. Knauss, letters of administration upon his estate were taken out by his two sons, Cornelius M. and Charles H., with R. W. Leibert, his son-in-law.

Charles Henry Knauss died on October 3, 1866, leaving a minor child, Matilda Mary Knauss, of whom Cornelius M. was appointed guardian, afterwards succeeded by Abiel Heilman, the guardian at the time of these proceedings.

The widow of Charles L. Knauss died on March 3, 1871. After the death of Charles Henry Knauss, Cornelius M. Knauss and R. W. Leibert continued in charge of the estate, which was not yet settled, the most of the personal property and the whole of the real estate remaining undisposed of until 1872 or 1873.

On January 26, 1872, by proceedings in partition in the Orphans' Court, the house and lot in Bethlehem, upon which was the "Goepp" mortgage, was awarded to Maria E. Leibert at the valuation of $12,000. After payment of costs there

was the sum of $11,860 for distribution. Mrs. Leibert, to secure their shares of this money to the heirs, entered into a recognizance in the penal sum of $24,000 and also gave to Cornelius M. Knauss a bond for $3,953.33 for his share payable January 26, 1873, and another bond for $3,953.33, for the share of his ward, Matilda Mary Knauss.

On May 9, 1873, the surviving administrators of Charles L. Knauss filed separate and final accounts, the two showing an aggregate balance for distribution of $19,159.47. In the account filed by R. W. Leibert credit was taken for an item : "Assumed S. Wolle mortgage, $2,500." That this item referred to the Goepp mortgage was not disputed, that mortgage being the only lien upon the property at the decedent's death.

The interest upon the said mortgage was paid by Mrs. Leibert from the time of the partition to April 1, 1885. On October 10, 1885, Mrs. Leibert with her husband executed a mortgage upon the property, then still in her ownership and possession, to Joseph M. Leibert, for $2,000 payable in one year; duly recorded. About this time the husband became insolvent.

On January 6, 1886, Abiel Heilman, guardian of Matilda Mary Knauss, obtained judgment de terris, against Maria S. Leibert and R. W. Leibert for $4,681.63, the amount due upon one of the bonds given January 26, 1872. On February 22, 1886, judgment was obtained also in a scire facias upon the mortgage to Philip H. Goepp, for use, and the amount liquidated at $2,650. From writs issued upon these judgments the fund for distribution had been realized, and the amount thereof, to wit, $2,060, was claimed by Abiel Heilman, guardian of Matilda Mary Knauss, as applicable to the balance due upon his judgment, and also by Joseph M. Leibert as applicable to his mortgage of October 10, 1885.

*Mr. Evans*, the commissioner, having reported to the Orphans' Court a decree dismissing the petition therein of Maria E. Leibert, on February 24, 1887, upon the foregoing facts made the following report upon the distribution of the fund in the hands of the sheriff :

The only question which your commissioner is called upon to determine is whether the judgment on the bond accompany-

ing the recognizance given January 26, 1872, but obtained after the entry of the mortgage, is a lien from the date of the bond or only from the date of the judgment; whether the lien of the recognizance merged in the judgment on the bond, or whether the lien of the judgment dates back to the date of the recognizance. If by proceeding on the bond the lien of the recognizance was merged in the judgment, then the lien of the mortgage given by Maria E. Leibert and her husband to Joseph M. Leibert, October 10, A. D. 1885, is prior to the lien of the judgment on the bond, January 6, 1886.

On the question of merger, Mr. Cope cited Jones v. Johnson, 3 W. & S. 276; Hartman v. Ogborn, 54 Pa. 120; Duffy & Mehaffy v. Lytle, 5 W. 132; Casebeer v. Mowry, 55 Pa. 419; Brenner, Trucks & Co. v. Moyer, 98 Pa. 274. In all these cases it seems to be plainly decided that where a higher security is taken for the same debt between the same parties, the original debt is thereby merged. When the debt is the same and the parties are identical, judgment upon one security merges all other securities. The original cause of action is merged in the judgment.

Did the plaintiff by the suit upon the bond, obtaining judgment and issuing execution, make an election to rely upon the bond and not upon the lien of the recognizance?

There is no evidence before your auditor that would indicate that it was the intention of the heir in this case to rely on the judgment on the bond as a new and higher security. The court entered the judgment de terris, limiting the plaintiff to the land bound by the recognizance, and in this it differed from the judgment in Hillbish's Appeal, 89 Pa. 494. It was not a higher security, and nothing was done by the plaintiff to show that he relied on the judgment to the exclusion of the recognizance, and your commissioner cannot assume that he did what would have been fatal to his claim, in the face of the fact that the mortgage of Maria E. Leibert had been entered of record. In Hillbish's Appeal the judgment was confessed by the heir in place of the recognizance, the record failing to show whether any recognizance had ever been taken at all. It was a higher authority, as it bound all the property of the debtor, and the intention of the heirs to rely on the judgment as their new security, thereby merging the recognizance, if

one had ever been given, was shown by their reviving the judgment by scire facias to continue the lien.

. The parties to the recognizance are not the same as the parties to the judgment in this case, and that is one of the prerequisites of merger. The recognizance is in the sum of $24,000 to secure *all* the heirs. The bond in which the judgment was recovered was for the share of only *one* of the heirs, and in the sum of $3,953.33. If the recognizance was merged in the judgment, then the whole of it is merged by the action of one on a bond for a part of the security of the recognizance.

The parties to the recognizance were Maria E. Leibert and her husband, C. M. Knauss and the guardian of the plaintiff in this bond. The parties to the action on the bond and the judgment and execution, are Maria E. Leibert and the guardian of Matilda Mary Knauss. If there was merger of the recognizance, then the action of one heir on her individual bond merged the security of the recognizance to the other heir, who was not a party to the suit.

In Jones v. Johnson, 3 W. & S. 276, a case relied on by both claimants of this fund, GIBSON, C. J., says: "Extinguishment by merger takes place between debts of different degrees, the lower being lost in the higher. A promissory note cannot be prevented from merging in a bond given for the same debt by the same debtor, but merger takes place only when the debt is one and the parties to the securities are identical." In Pennock v. Eagles, 102 Pa. 290, CLARK, J., says: "Equitable merger is largely a question of intent, actual or presumed, and when no intent is proven or apparent, this principal may or may not be deemed to attach in any given case, just as merger is or is not to the interest of the owner of the several and independent rights."

There is no evidence of an intent to merge the recognizance. It was certainly not to the interest of plaintiff in the bond, and it cannot be presumed that such was the case.

From a careful study of the fact and the law, your auditor is of the opinion that there was no merger of the recognizance, .but that the lien of the judgment is the same as if recovered on the recognizance. The judgment in the bond being de terris, was not a higher security. The parties were not identical. The recognizance was for a greater amount than the bond

could require. There was no intention to merge the recognizance. The mortgagee had notice of the lien of the recognizance, therefore your auditor decides that the lien of the judgment on the bond recovered January 6, 1886, is prior to the lien of the mortgage given October 10, 1885.

The fund in the sheriff's hands, less costs, in the Orphans' Court and Court of Common Pleas, is therefore distributed to Abiel Heilman, guardian of Mary Matilda Knauss, as follows: . . . . .

To this report Maria E. Leibert and Joseph M. Leibert excepted: That the commissioner erred in distributing the balance of the fund to Abiel Heilman, guardian, and in not distributing the same to Joseph M. Leibert. The exceptions were subsequently dismissed by the court, REEDER, J., the auditor's report confirmed and distribution ordered accordingly. Thereupon the exceptants took this appeal (argued with the suceeding case), assigning as error:

1. The dismissal of the said exceptions.

2. The refusal to allow a credit on the recognizance of Maria E. Leibert and R. W. Leibert to Cornelius M. Knauss, guardian of Matilda M. Knauss, for a proportionate share of the mortgage of their common ancestor, Charles L. Knauss, deceased, and interest thereon paid by the said Maria E. Leibert; the said mortgage having remained a lien on the real estate awarded to, and accepted by, the said Maria E. Leibert in proceedings in partition of the real estate of the said Charles L. Knauss, deceased, and having been paid out of the proceeds of the sale of the said real estate, so accepted by the said Maria E. Leibert, on a writ of levari facias upon said mortgage.

*Mr. Robert L. Cope*, for the appellants:

1. By suing on the bond, the guardian elected his remedy and could claim no higher rights than his judgment gave him. The mortgage of Jos. M. Leibert was a prior lien and, as between the judgment and the mortgage, the latter would take the fund. On the argument of the exceptions, we did not claim a merger of the recognizance in the bond, but that the guardian must either abandon his judgment and stand upon the recognizance or take only such rights as the judgment

gave him. The court took this view, ruling that the guardian was entitled not upon his judgment but upon the recognizance. But we claimed. further that the guardian's ward was bound to pay her proportion of the decedent's mortgage upon the same property from which she derived her interest in the recognizance. There can be no doubt of the power to allow a credit upon the recognizance for a proportionate share of the debts of the ancestor paid by the recognizor; and Joseph M. Leibert, a subsequent lien creditor, is entitled to the benefit of such allowance: Commonwealth, to use, v. Hantz, 2 P. & W. 333.

2. If Mrs. Leibert cannot be discharged entirely from her recognizance, as will be claimed in the next case, she is at least entitled to credit thereon for one third of the amount of the mortgage and interest paid by her. An incumbrance upon the inheritance created by the ancestor, is a good defence against payment of the valuation money by the heir to whom the estate was allotted in partition proceedings, whether in the Orphans' Court or in the Court of Common Pleas: Seaton v. Barry, 4 W. & S. 183; Wolbert v. Lucas, 10 Pa. 73; Peck v. Jones, 70 Pa. 83; Memmert v. McKeen, 112 Pa. 320; Groff v. Groff, 14 S. & R. 181; Steinhauer v. Witman, 1 S. & R. 437; Forster v. Gillam, 13 Pa. 340; Feather v. Strohoecker, 3 P. & W. 508; Rawle, Cov. for Title, § 88.

3. Mrs. Leibert is not estopped by neglecting to claim credit in the suit upon the bond (1), because if the judgment be relied upon, the fund goes to the mortgage, and (2), at the time judgment was had upon the bond Mrs. Leibert had not paid the mortgage and had not been evicted; and she had the right to assume that the incumbrance would be removed by the administrators whose duty it was to pay it out of the personal estate. Until she had paid it or been evicted, she could not set off the incumbrance: Myers v. Brodbeck, 110 Pa. 198; Knepper v. Kurtz, 58 Pa. 480; Rawle, Cov. for Title, § 188.

4. The account of R. W. Leibert, one of the administrators, was clearly res inter alios acta. Besides, the only effect of the confirmation of an account is to show the balance in the accountant's hands, unless the particular item has been expressly litigated and adjudicated. It has no binding effect upon questions which did not arise in stating and confirming

the account: Keech v. Rinehart, 10 Pa. 240; Townsend's App., 106 Pa. 268; Rittenhouse v. Levering, 6 W. & S. 190. If R. W. Leibert retained $2,500 out of the personal estate for the payment of the mortgage, and neglected to pay it, its loss by his insolvency is the common loss of all, and must be equally borne by all, though one be the wife of the insolvent debtor: Flory v. Becker, 2 Pa. 470. There was no misrepresentation on the part of Mrs. Leibert, and as the truth was known to all, or all had equal means of knowledge, there could be no estoppel: Patterson's Est., 1 W. & S. 292; Scott, Int. Law., 305; Hill v. Epley, 31 Pa. 331; Knouff v. Thompson, 16 Pa. 357; McClure v. Douthitt, 6 Pa. 414.

*Mr. Henry W. Scott* (with him *Mr. T. B. Metzgar*), for the appellee:

The judgment de terris recovered adversely on a bond accompanying the recognizance in partition, ascertained the amount due the appellee; its lien was secured by the recognizance, and was not limited to five years, but was indefinite: Ankeny v. Penrose, 18 Pa. 193. A minute on the docket, even, is sufficient to give notice; it was not required to be entered in the judgment docket: Hartman's App., 21 Pa. 488; Holman's App., 106 Pa. 502. Our right to recover the balance in court by virtue of our lien, was therefore fixed by the judgment which ascertained the debt, precisely as in a judgment on a mortgage bond: Helmbold v. Man, 4 Wh. 410.

OPINION, MR. JUSTICE GREEN:

The only question in this case is whether the lien of the recognizance in the Orphans' Court, in the partition proceedings, was merged in the judgment obtained in the Common Pleas in an action upon one of the bonds secured by the recognizance. The bond was given for the payment of $3,953.33 to one of the heirs. The recognizance was in the sum of $24,000, and was given to secure the payment of the whole of the valuation money to all the parties interested therein. It is a continuing lien which requires no revival and remains until it is paid, subject of course to the presumption of payment after twenty years. In Ankeny v. Penrose, 18 Pa. 193, we said: "The lien of a judgment is limited by statute, but that of a recognizance

is not, it is indefinite. . . . . It is subject to the legal presumption of payment and that presumption is liable to be repelled by reliable, credible testimony."

It is manifest, therefore, that a judgment obtained upon one of the bonds is not a higher but a less security in grade than is the recognizance. But in the present case the bond was for only a small part of the entire sum for which the recognizance was given, and other parties were interested in the remainder. The recognizance is a unit and cannot, as to its lien, be split into pieces, so as to be a good lien for some and none at all for others. In the case of a mortgage given to secure the payment of several bonds, it will not be pretended that a judgment obtained upon one of the bonds extinguishes by merger any part of the lien of the mortgage. We are aware of no principle upon which the contention of the appellants can be sustained. Hillbish's Appeal, 89 Pa. 494, has no application. No recognizance or bond could be found in that case, and the record did not show that any had ever been given. The heirs had only a judgment, confessed many years afterward, as their security, but before that judgment was entered Hillbish had obtained a judgment and was held entitled to preference as against the heirs, though not as against the widow. The distinction taken was, that the widow's interest is secured by statute while that of the heirs depends upon the securities which are given.

> The decree of the court below is affirmed, and the appeal dismissed at the cost of the appellants.