# Young *v.* Hervey, Appellant.

*Dower—Recognizance—Partition—Payment.*

On an issue to determine the marketability of real estate, because of an unsatisfied recognizance given in partition proceedings in the orphans' court to secure payment of dower to a widow, and payment of principal out of which the dower was paid to heirs, it appeared that in the lifetime of the widow a scire facias was issued, judgment obtained, and at sheriff's sale the land was purchased by the attorney for the plaintiff, but no deed was made to him. Subsequently the defendant in the judgment conveyed the land to the attorney, and he conveyed it to the vendor. After the death of the widow a second scire facias was issued in which all parties in interest were parties, and the vendor was named as terre-tenant. This action was brought to recover the whole balance due on the recognizance. At the trial a verdict was rendered for the defendant, on which a judgment was duly entered from which no appeal was taken. *Held*, (1) that the proceedings on the second scire facias established the fact of the payment of everything due on the recognizance; (2) that the vendor had a good marketable title to the land.

Argued Oct. 20, 1903. Appeal, No. 72, Oct. T., 1903, by defendant, from judgment of C. P. Butler Co., March T., 1903, No. 7, on verdict for plaintiff in case of John Young v. Robert W. Hervey. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit to recover balance of purchase money of real estate. Before MILLER, P. J., specially presiding.

The case was tried by the court without a jury under the Act of April 22, 1874, P. L. 109.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for plaintiff.

*Andrew G. Williams*, with him *Willis A. Boothe* and *Alex. Mitchell*, for appellant.—The lien of a recognizance in partition proceedings in the orphans' court is a continuing lien, protective as a unit of the interests of all the heirs, requiring no revival and of indefinite duration, though subject to the rebuttable presumption of payment after twenty years : Leibert's Appeal, 119 Pa. 517 ; Hillbish's App., 89 Pa. 490.

The lien of a judgment is limited by statute, but that of a recognizance is not, it is indefinite. It is subject to the legal presumption of payment, and the presumption is liable to be repelled by reliable, creditable testimony : Ankeny v. Penrose, 18 Pa. 190 ; Holman's App., 106 Pa. 502.

*T. C. Campbell*, for appellee.

OPINION BY MR. JUSTICE FELL, January 4, 1904 :

The only question argued by the appellant was whether the title to land he agreed to purchase of the appellee was unmarketable, because of an unsatisfied recognizance given under proceedings in the orphans' court. There was no dispute as to the facts. William Borland died in 1867, leaving to survive him a widow and children. Proceedings in partition were instituted by the widow, and the land, the title to which is now in dispute, was awarded to one of the sons, who entered into a recognizance conditioned for the payment of interest on one third of the valuation to the widow during her life, and for the payment to the other heirs of their proportionate parts of two thirds of the valuation within one year and of the remaining third on the death of the widow. A scire facias was issued on this recognizance in 1869, judgment obtained, execution issued thereon, and the land was sold by the sheriff in 1870. It was purchased at the sheriff's sale by the attor-

ney of the plaintiffs in that action, but no deed was made to him, and the proceeding appears to have been abandoned at this stage. The defendant in the judgment, however, in 1870, soon after the sheriff's sale, made a conveyance of the land to the attorney who had purchased at the sale, and he conveyed it to the appellee in 1871.

A second scire facias was issued in 1885, a month after the death of the widow, in which all the parties then having an interest were made plaintiffs, and in which the appellee was named as the terre-tenant. This action, as shown by the statement filed, was to recover the whole balance then due, that which became due before as well as that which became due after the death of the widow. On the trial, which took place in 1887, a verdict was rendered for the defendant, on which a judgment was duly entered from which no appeal was taken.

The lien of the recognizance did not merge in the lien of the judgment, obtained on it in 1869, and became subject to the limitation of five years. It was a continuing lien· in the line of title and of indefinite duration, and could be extinguished only by actual payment or the presumption of payment from the lapse of time: Ankeny v. Penrose, 18 Pa. 190; "Leibert's Appeal, 119 Pa. 517. But the second proceeding to recover the debt secured by the recognizance established the fact of its payment. A part of the claim was for the shares that became due after the widow's death, and were not due when judgment was obtained in 1869. The issue was that of payment, and the judgment entered on the verdict is conclusive on that question.

The judgment is affirmed.